Moore
*vs.*
Thompson &als.

---

## Moore *vs.* Thompson & als.

In suit on a bond given by one of the defendants, as deputy sheriff, to render a true account of services made by him for each six months, and to pay the plaintiff his proportion of fees, *held* that evidence that the plaintiff declared it to be his practice to make his deputies settle promptly, and of his sending a printed circular to other deputies, to account at the end of each six months, did not constitute evidence tending to show an accounting or payment by the defendant, the breach alleged in the bond being a neglect to account for the six months previous to his removal as deputy.

DEBT upon bond, dated August 16, 1828.

The defendants craved oyer, and set out the condition of the bond, which recited that Thompson, one of the defendants, had been appointed a deputy of the plaintiff, who was then sheriff of the county, and provided, among other things, that if said Thompson should, at the expiration of six months from date, and of every six months thereafterwards that he should continue in office, and at the expiration of his term of office, render to the plaintiff a true account of all services performed in said office, and of the monies he was entitled to receive therefor, and should pay two fifths thereof to the plaintiff, then the bond should be void. They then pleaded performance.

The plaintiff replied, that Thompson remained in office until the 26th of January, 1831, when he was discharged; that on the 19th of August, 1830, and between that day and January 26, 1831, he performed services for which he was entitled to receive $200; and that he did not render any account of those services, and of the monies, &c., although requested, &c.

The defendants rejoined, that Thompson performed services within that time for which he was entitled to receive $11.66, and no more; and that at the expiration of his term of office he rendered an account of those services, to the plaintiff, and paid him his proportion of the same.

The surrejoinder, protesting that Thompson received more than 11.66, denied that he had rendered any account of the services performed by him, and of the monies he was entitled to receive in manner, and form, &c., and tendered an issue to the country, which was joined.

In support of this issue the defendants offered the testimony of Jonathan P. Dodge, that he was one of the plaintiff's deputies, and gave a bond in the common form; that, the next day after the first six months expired, he received a printed letter from the plaintiff, containing a request that he would settle; that he afterwards saw the plaintiff, and stated to him that it would be more convenient to settle at the sittings of the court; that the plaintiff said upon that occasion that it was his practice to make his deputies settle promptly, but assented that the witness might settle at the court. He also testified that, after the plaintiff went out of office, he sent another letter, and that he called and settled.

The defendants also offered in evidence a printed letter from the plaintiff, addressed to Cyrus Cressey, another deputy, dated February 19, 1829, stating that his term of six months expired on the 18th of said February, and calling upon him for a settlement.

Also another letter to said Cressey, dated August 20, 1829, requesting him to settle for the six months ending Aug. 18th.

To the admission of all the testimony aforesaid the plaintiff objected ; and the jury, having returned a verdict for the defendants, he moved for a new trial.

*S. D. Bell*, for the plaintiff.

*Perley*, for the defendants.

Upham, J. The date of the defendant's bond in this case is August 16th, 1828, and the first six months named in the bond expired February 16th, 1829.

But the breach assigned of the condition of the bond is for a neglect to render an account of services betwixt the 19th of August, 1830, and January 26th, 1831, at which time the principal defendant was removed from the office of deputy sheriff; and the question arising in the case is, whether there is any evidence showing an accounting for his services within that period.

The evidence submitted by the defendants on this point is, that a circular was drawn up by the plaintiff, and was printed for the purpose of being sent to his deputies in the county of Merrimack, immediately on the expiration of the first six months of their appointment, calling on them to settle agreeably to the tenor of their bonds, and that such circulars were forwarded at the close of said first six months to two of his deputies ; and this evidence is offered as tending to show that similar circulars were forwarded in like manner to the defendant.

But were this the case, it would constitute no evidence of payment. The fact that an individual has been called on for payment of a debt, or to account, is no evidence either of payment, or that he has accounted.

The evidence thus far, therefore, is clearly insufficient; and the only additional evidence on this point is the declaration of the plaintiff to Dodge, one of his deputies, made at the expiration of the first term of six months, in February, 1829,

that " it was his practice to make his deputies settle promptly "; and this is offered by the principal defendant, in connexion with other testimony, to show that the defendant did settle his balance of account on the 26th of January, 1831, or has since settled it.

There can be little doubt, from the evidence offered, that the plaintiff originally formed the design of settlement with his deputies at the end of each six months. The plaintiff would have it in his power to enforce this rule, because the deputies would be subject to removal, if they failed to comply with such regulation; and the case shows that settlements were made with the defendant until within six months of his removal, or at least no breach of the bond is alleged until such time.

But the failure to account, which is here complained of, is since the defendant's removal as a deputy, and while he was no longer subject to official control. The declaration therefore of the plaintiff, of his intention " to make his deputies settle promptly," is not applicable to a case like the present. There would be no greater means, under such circumstances, to compel a settlement, than exists in the case of any ordinary creditor, and no greater presumption of payment would arise than in case of the general declaration of an individual that he should require prompt settlements with those dealing with him ; which clearly, without other evidence showing unusual delay, and perhaps other indications of adjustment, would constitute no evidence of payment.

We have already settled, in *Filer* vs. *Peebles*, 8 *N. H. R.* 226, that payments made by an individual to other workmen, employed in the same work as the defendant in that suit, and made when the labor was finished, was no evidence of payment to the defendant, but was to be regarded wholly as *res inter alias*, having no bearing on the defendant, unless some necessary connexion with him was shown.

There was no evidence in that case of any special pay day, as sometimes exists in large establishments, of payment each

Saturday, or at the expiration of each month, when the party is present, and which might perhaps under some circumstances tend to raise a presumption of payment.

In this case we are quite clear that the evidence is incompetent of itself to show an accounting by the defendant, or a compliance with the condition of his bond; and it admits of much doubt whether the result would be different had the breach alleged in the bond been while the defendant remained in office as a deputy.

The verdict which was taken for the defendants has no sufficient foundation, and must, therefore, be set aside, and

*A new trial granted.*